# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-2922
LT Case No. 2022-CF-001689-A

_____

JASON WELLS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

3.850 Appeal from the Circuit Court for Hernando County.
Stephen E. Toner, Jr., Judge.

Jason Wells, Madison, pro se.

James Uthmeier, Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.

May 8, 2026

PER CURIAM.

Appellant Jason Wells pleaded guilty to and was convicted of (i) shooting into building or dwelling, (ii) extortion, (iii) possession of a firearm by a convicted felon, and (iv) use of a two-way communications device. Pursuant to a negotiated plea agreement with the State, he was sentenced to ten years in prison followed by ten years of probation. It is undisputed that the negotiated plea

called for his prison sentence to run concurrently with his sentences in other cases in Alachua and Sumter counties. However, when Wells was delivered into the custody of the Department of Corrections, he was told that his prison sentence here would run consecutively to all other cases because the sentencing paperwork did not indicate concurrent sentences were imposed.

As a result, Wells filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, arguing that his plea was involuntary because counsel advised him that the sentence in this case would run concurrently with sentences in his other cases. After the State conceded that the negotiated plea contemplated concurrent sentences, the trial court entered an amended sentence and dismissed as moot Wells's post-conviction motion.

Wells filed his notice of appeal and argues that dismissal of his motion was improper because the amended sentence failed to correct the matter. The State concedes that reversal is required because, while it appears the trial court intended to correct the sentence, the amended written sentence fails to fully document that Wells's sentence in this case runs concurrently with all of his other cases.

Accordingly, the trial court's dismissal of Wells's post-conviction motion is REVERSED, and this case REMANDED to the trial court for further proceedings.

REVERSED and REMANDED for further proceedings.


JAY, C.J., and SOUD and MACIVER, JJ., concur.

————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

————————————————

2